**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

TIMOTHY CHAMBERS,            )
                             )
         Plaintiff,          )
                             )
                             ) Case No. CIV-18-294-RAW-KEW
                             )
COMMISSIONER OF THE SOCIAL   )
SECURITY ADMINISTRATION,     )
                             )
         Defendant.          )

**REPORT AND RECOMMENDATION**

Plaintiff Timothy Chambers (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 29 years old at the time of the ALJ's decision. She[2] has a ninth-grade education and no past relevant work. Claimant alleges an inability to work beginning on March 31, 2008, due to limitations resulting from paranoid schizophrenia, bipolar disorder, hearing voices, depression, panic attacks, learning disability, arthritis, and back problems.

## Procedural History

On February 23, 2016, Claimant protectively filed for a period of disability and disability insurance benefits under Title II (42

---

[2] Consistent with the ALJ and the parties' briefing, the Court refers to Claimant using female pronouns because Claimant identifies as female.

U.S.C. § 401, *et seq.*) of the Social Security Act and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. On February 25, 2016, Claimant filed an application for child disability benefits under Title II of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On May 11, 2017, Administrative Law Judge("ALJ") James Bentley conducted an administrative hearing in McAlester, Oklahoma, at which Claimant was present. On August 16, 2017, the ALJ entered an unfavorable decision. Claimant requested review by the Appeals Council, and on July 9, 2018, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform medium work with additional limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error by failing to properly consider the report of consultative psychologist Kathleen

Ward, Ph.D., and by failing to order a follow-up consultative psychological examination based upon Dr. Ward's findings.

### Evaluation of Dr. Ward's Report

In his decision, the ALJ found Claimant suffered from severe impairments of bipolar disorder, depressed, severe with psychotic features; depression; dysthymic disorder; generalized anxiety disorder, personality disorder NOS; histrionic traits; antisocial personality traits; gender identity disorder; unknown substance intoxication; provisional versus schizoaffective disorder; polysubstance dependence (methamphetamines, cocaine, and opioids); and hepatitis C (with negative viral load) (Tr. 66). He determined Claimant could perform medium work with additional limitations. In so doing, he found Claimant could lift and/or carry 50 pounds occasionally and 25 pounds frequently; stand and/or walk for six hours total during an eight-hour work day; and sit for six hours total during an eight-hour work day. Claimant must avoid unprotected heights and dangerous moving machinery. She could understand, remember, and apply simple instructions and concentrate and persist for extended periods of time to complete simple tasks with routine supervision. Claimant could maintain superficial work relationships with co-workers and supervisors, but she could have no work-related contact with the general public. (Tr. 69).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of laundry worker I, industrial sweeper-cleaner, and production welder, all of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 76, 78). As a result, the ALJ concluded Claimant was not under a disability from March 31, 2008, through the date of the decision. (Tr. 78).

Claimant asserts that by dismissing Dr. Ward's examination findings, the ALJ discounted certain limitations that conflicted with the RFC. Claimant contends that the inconsistencies between Dr. Ward's examination of Claimant, the other record evidence, and Claimant's statements, noted by the state agency psychologist and relied upon by the ALJ, are not supported by substantial evidence. She specifically references the reliance on Claimant's mental health records from the time period when she was incarcerated in the Oklahoma Department of Corrections.

The ALJ's RFC determination "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Soc. Sec. R.96-8p, 1996 WL 374184, at *7. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id*. When conflicting evidence exists, it is the ALJ as the trier of fact who has the duty to resolve the conflict. *See Casias*, 933 F.2d at

6

801. Moreover, it is "the ALJ . . . [who] is charged with determining a claimant's RFC from the medical record." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004).

Dr. Ward examined Claimant on May 5, 2016. (Tr. 626-30). The ALJ discussed Dr. Ward's mental status examination of Claimant in the decision. When determining whether Claimant's impairments or combination of impairments met or equaled a listing, the ALJ discussed Dr. Ward's findings that Claimant exhibited "apparent thought blocking." (Tr. 67-68). In his discussion of Claimant's RFC, the ALJ also noted Claimant's report to Dr. Ward that she had been taking medication prescribed through Carl Albert Community Mental Health Center ("Carl Albert") for a few weeks, but that she denied any history of psychiatric medication treatment. The ALJ also discussed Claimant's report to Dr. Ward of her use of methamphetamine while in prison. The ALJ noted Dr. Ward's conclusions that Claimant's veracity as a historian appeared limited and that Claimant presented as "very, very impaired." He further referenced Dr. Ward's belief that Claimant's "presentation was likely due to ongoing substance usage, which the claimant had denied." (Tr. 71). Dr. Ward did not offer functional limitations for Claimant.

Comparing Dr. Ward's examination findings with the other evidence in the record, the ALJ discussed the case analysis by state agency reviewing psychologist Randy Cochran, Ph.D. He noted

that Dr. Cochran determined that Claimant's presentation to Dr. Ward during the mental status examination differed from her presentation throughout the rest of the medical record. The ALJ specifically noted from the report that although Dr. Ward found Claimant was "very, very impaired," mental status examinations from when Claimant was incarcerated in the Department of Corrections "consistently" showed Claimant was within normal limits. (Tr. 71, 631).

The ALJ not only referenced the case analysis by Dr. Cochran, but he also relied upon the specific records from the Oklahoma Department of Corrections. He noted the auditory hallucinations reported by Claimant to Dr. Ward, and the reports by Claimant when incarcerated at the Department of Corrections that she had a history of taking Zyprexa and had never heard voices, seen things, or been paranoid. (Tr. 71, 608). The DOC records included cell checks and evaluations of Claimant's mental status as well as medical record reviews and other treatment records. (Tr. 537-624).

The ALJ also relied upon records which supported that hallucinations and thought blocking by Claimant were directly related to substance abuse. He discussed a hospitalization of Claimant in February 2016, after she was released from prison, and in-patient treatment of Claimant at Carl Albert in June and July of 2016. On both occasions Claimant presented with symptoms, including hallucinations and thought blocking, which symptoms

8

resolved upon discharge. (Tr. 71-72, 673-76, 715, 717). The ALJ further relied on Claimant's testimony that she stopped using illicit substances in August of 2016, and a urine drug test that was negative in January of 2017. (Tr. 72, 712-13).

In addition to the above evidence, the ALJ also considered additional records of Claimant obtained from Carl Albert after Claimant began her out-patient treatment in March of 2016, the limitations imposed by the state agency psychologists who reviewed the record, the physical consulting examination of Claimant, and the records submitted at the hearing level when determining Claimant's RFC. (Tr. 72-75).

Claimant further contends the ALJ should have ordered another mental consultative examination of Claimant based upon Dr. Ward's examination. The ALJ "'bears responsibility for ensuring that an adequate record is developed during the disability hearing consistent with the issues raised.'" *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008), quoting *Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004). However, an ALJ has broad latitude when deciding whether to order a consultative examination. *Hawkins*, 113 F.3d at 1166, citing *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 778 (10th Cir. 1990). "Ordinarily, the claimant must in some fashion raise the issue sought to be developed, which, on its face, must be substantial[.] . . . When the claimant has satisfied his or her burden in that regard, it

9

then, and only then, becomes the responsibility of the ALJ to order a consultative examination if such an examination is necessary or helpful to resolve the issue of impairment." *Id*. at 1167 (citations omitted). However, when a claimant is represented by counsel, "the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored. Thus, in a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development." *Id*.

The administrative record reveals that at the hearing on May 11, 2017, the ALJ asked Claimant's representative if the record was complete, and he agreed it was. The ALJ identified the exhibits and asked Claimant's representative if he had any objections to the exhibits. He responded that he did not, and the ALJ admitted the exhibits and made them part of the record for consideration. (Tr. 87-88). The Claimant has not demonstrated any error by the ALJ for failing to order another mental consultative examination.

The ALJ's RFC determination is supported by substantial evidence. *See Howard*, 379 F.3d at 949 (affirming denial of benefits when ALJ's decision was supported by substantial evidence and the correct legal standards were applied). Those limitations found to exist by the ALJ were included in his hypothetical question to the VE. (Tr. 98-99); *see Qualls v. Apfel*, 206 F.3d

1368, 1373 (10th Cir. 2000) (finding an ALJ's hypothetical questioning of the VE provided an appropriate basis for a denial of benefits because the question "included all the limitations the ALJ ultimately included in his RFC assessment."), citing *Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993). Based upon the VE's testimony, the ALJ determined Claimant was not disabled as there are jobs that exist in significant numbers in the national economy that Claimant can perform. (Tr. 76-78).

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of the Social Security Administration should be AFFIRMED. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 22nd day of January, 2020.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE